**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4491**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAJA CHARLES JABBOUR,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, District Judge. (3:06-cr-00019-nkm)

_____

Submitted: November 30, 2007      Decided: December 21, 2007

_____

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John Kenneth Zwerling, Andrea L. Moseley, ZWERLING, LEIBIG & MOSELEY, P.C., Alexandria, Virginia, for Appellant. John L. Brownlee, United States Attorney, Nancy S. Healey, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raja Charles Jabbour appeals his conviction after pleading guilty to possession of child pornography, coercion and enticement of a minor, and attempted receipt of child pornography. He reserved the right to challenge the district court's decision denying his motion to suppress evidence seized as a result of his warrantless arrest in Ohio in January 2004. Finding no error, we affirm.

This court reviews the district court's factual findings underlying the denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Johnson, 400 F.3d 187, 193 (4th Cir. 2005). The Fourth Amendment protects an individual from being arrested without probable cause. Street v. Surdyka, 492 F.2d 368, 371 (4th Cir. 1974). So long as the arrest is supported by probable cause, there is no constitutional violation. Id. "Probable cause to justify an arrest arises when facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Porterfield v. Lott, 156 F.3d 563, 569 (4th Cir. 1998) (internal quotation omitted). "The question to be answered is whether an objectively reasonable police officer, placed in the circumstances, had a 'reasonable ground for belief of guilt' that was

'particularized with respect to the person to be searched or seized.'" United States v. Humphries, 372 F.3d 653, 657-58 (4th Cir. 2004) (quoting Maryland v. Pringle, 540 U.S. 366, 372-73 (2003)). All of the circumstances known to the officer at the time of the arrest are considered in order to determine whether there was probable cause. Taylor v. Waters, 81 F.3d 429, 434 (4th Cir. 1996). Probable cause must be supported by more than a mere suspicion, but evidence sufficient to convict is not required. Wong Sun v. United States, 371 U.S. 471, 479 (1963). The arresting officer's belief need not be correct or even more likely true than false, so long as it is reasonable. Texas v. Brown, 460 U.S. 730, 742 (1983).

After reviewing the briefs and joint appendix, we find the district court did not err in denying the motion to suppress evidence. We therefore affirm based on the reasoning of the district court. United States v. Jabbour, No. 3:06-cr-00019-nkm (W.D. Va. Nov. 17, 2006).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -